IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KHALED FARDJALLAH,           )
)
       Plaintiff,         )
)
   v.            )   C.A. No. 26-04-GBW-LDH
)
CHRISTIANA HOSPITAL, et al.,    )          FILED
)
      Defendants.    )      JUN - 8 2026

REPORT AND RECOMMENDATION    U.S. DISTRICT COURT DISTRICT OF DELAWARE

Plaintiff Khaled Fardjallah appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). He commenced this action on January 5, 2026. (D.I. 2). The Court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Complaint be dismissed without prejudice.

## I. BACKGROUND

Plaintiff's Complaint names 45 defendants, grouped as follows: Christiana Hospital and medical staff; private civil attorneys; administrative staff and security officers of the Superior Court of Delaware; administrative staff of the Delaware Supreme Court; judges of the Delaware Superior Court and Supreme Court; and the court appointed interpreter. (D.I. 2 at 9-12; D.I. 2-12 at 3-13). Plaintiff attached to his Complaint copies of various medical records, communications, pleadings and state court records, totaling over 450 pages. (D.I. 2, 4, 5, 7).

It appears that Plaintiff Fardjallah brought a *pro se* medical negligence action in the Delaware Superior Court against Christiana Hospital and medical staff and is not satisfied with the result. It is unclear from Plaintiff's Complaint what claims he is bringing in federal court or the date of his claims. Plaintiff alleges that he "experienced significant irregularities in the handling

of my medical and administrative records." (D.I. 2 at 4). He experienced "physical harm resulting from the delayed and inconsistent handling of a serious bacterial condition affecting my right hand" and "emotional distress" from the "irregularities in both the medical and administrative processes." *Id.* at 7. Plaintiff seeks monetary damages, punitive damages, and "remedies related to the handling, accuracy and management of the medical and administrative records involved in his case." *Id.*

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

The Complaint fails to state a plausible claim upon which this Court may grant relief. It is unclear what civil rights action Plaintiff is attempting to plead or when any alleged harm occurred. Under Rule 8, a complaint that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 (2007)). Courts act within their discretion when dismissing an overlong or unintelligible complaint. *See Garrett v. Weford Health*, 938 F.3d 69, 92-94 (3d Cir. 2019) (discussing circumstances under which dismissal under Rule 8 is appropriate). Plaintiff submitted voluminous attachments to his Complaint but he failed to include specific factual allegations that could assist the Court in determining who is alleged to have done what, when, and how those actions violate a right secured by the Constitution or laws of the United States.

### A. Failure to State a Claim

Section 1983 imposes liability upon those acting under color of state law who "subject[ ], or cause[ ] to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities" secured by the federal Constitution or by federal law. 42 U.S.C. § 1983. Plaintiff complains of "significant irregularities in the handling" of "medical and administrative records" but that does not amount to any violation of a federal constitutional or statutory right.

A plaintiff bringing a § 1983 claim must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West,* 487 U.S. at 49.

Plaintiff has failed to plead a violation of a federal right against any defendant.

The Complaint alleges that Plaintiff "experienced significant irregularities in the handling of my medical and administrative records." (D.I. 2 at 4). It is not clear from Plaintiff's Complaint what this means. One could venture a guess that it relates to medical records during his treatment at Christiana Hospital, and his court records. Plaintiff experienced "physical harm resulting from the delayed and inconsistent handling of a serious bacterial condition affecting [his] right hand." *Id.* at 7. No further details are provided about who did what, and when. Perhaps, although it is

4

unclear, this is the injury he included in his state medical negligence claim. He alleges "emotional distress" from the "irregularities in both the medical and administrative processes." *Id.* at 7. Again, no further details are provided about who did what, when, and what harm allegedly occurred. Even construing the complaint liberally, Plaintiff does not allege sufficient facts to plausibly suggest that any of the named defendants violated his unidentified federal rights. *See Iqbal*, 556 U.S. at 678 ("[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Accordingly, I recommend that the Complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## B. Non-State Actors

The Complaint alleges that Christiana Hospital and Dr. Maria Shara and Dr. Michael Schuh are medical staff involved in the treatment of Plaintiff that formed the basis of the state medical negligence case. D.I. 2 at 9. Attorneys Casale and Lovitz are merely the lawyers who represented the hospital insureds. *Id.* Ibrahim Dala is the court-appointed interpreter. *Id.* at 12. These defendants are not state actors "clothed with the authority of state law." *See Reichley v. Pennsylvania Dept of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

Therefore, Plaintiff's §1983 claims against Christiana Hospital, Dr. Maria Shah, Dr. Michael Schuh, attorneys Casale and Lovitz, and interpreter Dala have no arguable basis in law or in fact. The Court recommends they are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## C. Judicial Immunity

The judges named in Plaintiff's Complaint are all entitled to judicial immunity against Plaintiff's claims. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *Shahin v. Darling*, 606 F.Supp.2d 525, 541 (D. Del 2009) (immunity applies even if the judge is acting as part of an alleged conspiracy). All of the allegations against Judge Jeffrey J. Clark and Judge Jan R. Jurden relate to actions they took as judges. The Complaint does not set forth any facts that would show that any of the judges acted in the absence of jurisdiction. And other than naming them as defendants, the Complaint does not allege any facts against Judge Patricia A. Winston or Chief Justice Collins J. Seitz, Jr. D.I. 2. At most, the attachments seem to indicate that Plaintiff's displeasure with the Judges' non-responses to various emails.

Therefore, the §1983 claims against Judges Clark, Jurden and Winston, and Chief Justice Seitz have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

## IV. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Complaint (D.I. 2) be DISMISSED WITHOUT PREJUDICE. The Court FURTHER RECOMMENDS that Plaintiff be granted leave to file an amended complaint on or before July 1, 2026. IT IS FURTHER RECOMMENDED that the Clerk of Court is directed to CLOSE this case if Plaintiff does not timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and

Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: June 8, 2026

_____
United States Magistrate Judge